IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-395-RJC-DCK

| RICHARD KINGSBERRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| UNION COUNTY PUBLIC SCHOOLS, | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 5) filed September 15, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will recommend that the pending motion to dismiss be <u>denied</u> as moot.

## DISCUSSION

Defendant contends in its motion to dismiss that "'Union County Public Schools,' which is not a legal entity that can be sued," should be dismissed because "Plaintiff has not asserted jurisdiction over the appropriate defendant." (Document No. 5).

"Plaintiff's Motion To Amend Complaint" (Document No. 7) was timely filed in response on September 29, 2017, and will be granted by the Court. See Fed.R.Civ.P. 15(a)(1). Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Moreover, the Court will direct Plaintiff to file an Amended Complaint which will supersede the original Complaint. As such, the undersigned will respectfully recommend that Defendant's "Motion To Dismiss" (Document No. 5) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS RESPECTFULLY RECOMMENDED** that Defendant's "Motion To Dismiss" (Document No. 5) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO RECOMMENDED**.

Signed: October 2, 2017

David C. Keesler
United States Magistrate Judge